LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

NO. 30111

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
RICHARD L. QUINN, Defendant-Appellant

JEAN R. KIKUMOTO CLERK APPELLATE COURTS STATE OF HAWAII

2010 JUL -7 AM 8:01

FILED

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTC-09-046099)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Leonard and Reifurth, JJ.)

Defendant-Appellant Richard L. Quinn (Quinn) appeals from the September 17, 2009 Judgment convicting him of reckless driving, in violation of section 291-2 of the Hawaii Revised Statutes (2007), entered in the District Court of the First Circuit, Honolulu Division (district court).[1]

On appeal, Quinn argues that: (1) the district court erred in applying the wrong standard for recklessness; and (2) there was insufficient evidence of recklessness to support the conviction. For the reasons discussed below, we agree that there was insufficient evidence to support the conviction and reverse the Judgment of the district court.

There was insufficient evidence to convict Quinn of reckless driving. A conviction for reckless driving requires conscious awareness of a substantial and unjustifiable risk to the safety of others or property on the part of the defendant. State v. Agard, 113 Hawai'i 321, 322-23, 151 P.3d 802, 803-04 (2007). This means that there must be substantial evidence to support an inference that "Defendant knew whether 'the safety of persons or property' was in peril." State v. Moleta, 112 Hawai'i 233, 240, 145 P.3d 776, 783 (App. 2006) (quoting HAW. REV. STAT. §§ 291-2 & 702-206(3)(a)).

There was no evidence, at the time that Quinn entered the intersection after looking right, then left, and then right, and not observing any cross traffic, that Quinn knew of the

---

[1] The Honorable Leslie Hayashi presided.

presence of Officer Kaneko's vehicle prior to the near collision. Consequently, we do not find the circumstances of Quinn's decision to enter the intersection to be such that he consciously disregarded a substantial and unjustifiable risk to the safety of persons or property, which represented a gross deviation from the standard of conduct that a law abiding person would observe in the same situation.

"[T]he reckless standard is not to be indiscriminately applied," as "the conscious disregard of every risk of harm to a protected social interest should not, in every instance, be sufficient to impose penal liability for an untoward eventuality." *Agard*, 113 Hawai'i at 328, 151 P.3d at 809 (quoting Haw. Rev. Stat. § 702-206 cmt.) (internal quotation marks omitted). Although we take the evidence on appeal in this case in the light most favorable to the prosecution, *see State v. Bui*, 104 Hawai'i 462, 467, 92 P.3d 471, 476 (2004), and defer to the district court, as the trier of fact, with respect to questions of credibility and weight of the evidence, *see In re Doe*, 107 Hawai'i 12, 19, 108 P.3d 966, 973 (2005), we conclude that Quinn's decision to enter the intersection under the circumstances was not a gross deviation from the standard of conduct that a law-abiding person would observe. As a result, we conclude that it did not amount to reckless driving. Because there was insufficient evidence to convict, we need not address the remaining point of error.

Therefore, the Judgment entered on September 17, 2009 in the district court is reversed.

DATED: Honolulu, Hawai'i, July 7, 2010.

On the briefs:

Anthony L. Wong
(Kevin Sumida & Associates)
for Defendant-Appellant.

Delanie D. Prescott-Tate,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

2